UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,<br><br>Plaintiff,<br><br>versus<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. |

COMPLAINT AT LAW

The Plaintiff, **VERONICA COOK**, as Independent Administrator of the Estate of **LONTRELL MONTLEY, Deceased**, by her attorneys, **LEVIN & PERCONTI**, complains against the Defendant, **UNITED STATES OF AMERICA**, and in support thereof states as follows:

COUNT I
(Cook v. United States of America – Survival Action)

The Plaintiff, **VERONICA COOK**, as Independent Administrator of the Estate of **LONTRELL MONTLEY, Deceased**, by her attorneys, **LEVIN & PERCONTI**, complains against the Defendant, **UNITED STATES OF AMERICA**, and in support thereof states as follows:

1. The Plaintiff, **VERONICA COOK** is the **Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased.** (See Order of appointment attached as Exhibit A).

2. The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of

1

755 ILCS 5/27-6 known as the Illinois Survival Statute.

3. The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346 and §§2671 - 2680.

4. Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2675(a) and 2401(b), the United States of America by its agent, The United States Department of Health and Human Services, has failed to make a final disposition of the claim within six months and Plaintiff hereby deems this a final denial of the claim. (Administrative Claim dated April 2, 2014, filed on April 3, 2014, attached hereto and marked as Exhibit B and a copy of the Certified Mail Receipt dated April 7, 2014 acknowledging receipt of the claim attached hereto and marked as Exhibit C).

5. **LONTRELL MONTLEY ("LONTRELL")** was born on March 28, 2011.

6. **LONTRELL** died on September 28, 2012.

7. **VERONICA COOK ("VERONICA")** is the mother of **LONTRELL, Deceased.**

8. At all times relevant to this Complaint, Leo Boler, MD, was an actual, implied and/or apparent agent, servant and employee of Access Community Health Network, an Illinois Not-For-Profit Corporation d/b/a Access Madison Family Health Center.

9. Access Community Health Network, an Illinois Not-For-Profit Corporation d/b/a Access Madison Family Health Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

10. At all times relevant to this Complaint, Leo Boler, MD, was acting within the scope of his employment with Defendant, Access Community Health Network, and as such, the Defendant, **UNITED STATES OF AMERICA**, is vicariously liable for his negligent conduct.

2

11. Prior and subsequent to March 28, 2011, and at all times relevant herein, the Defendant, **UNITED STATES OF AMERICA,** by its duly authorized agents, Leo Boler, MD, and Access Community Health Network, an Illinois Not-For-Profit Corporation d/b/a Access Madison Family Health Center, engaged in the business of offering medical services

12. Prior and subsequent to March 28, 2011, and at all times relevant herein, the Defendant, **UNITED STATES OF AMERICA,** through its duly authorized agents, Leo Boler, MD, and Access Community Health Network, an Illinois Not-For-Profit Corporation d/b/a Access Madison Family Health Center, held itself out to the public, and, in particular to **VERONICA,** as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to **VERONICA.**

13. At all times relevant to this Complaint, Leo Boler, MD, was a physician, duly licensed by the State of Illinois to practice medicine in all of its branches.

14. On and before March 28, 2011, **VERONICA** came under the care of Leo Boler, MD, for prenatal care and the labor and delivery of her son, **LONTRELL.**

15. On or about March 28, 2011, **VERONICA** was admitted to Mount Sinai Hospital Medical Center of Chicago with a medical history including, but not limited to, five previous Cesarean sections.

16. At all times relevant to this Complaint, **VERONICA** entrusted the course of her prenatal and labor and delivery to Leo Boler, MD.

17. At all times relevant to this Complaint, **VERONICA** did not have the medical knowledge or expertise to determine the course of care and treatment of her labor and delivery.

18. At all times relevant to this Complaint, it was the duty of the Defendant, **UNITED STATES OF AMERICA,** through its actual, implied and/or apparent agents, servant

and employees, including physicians and other healthcare professionals including, Access Community Health Network, an Illinois Not-For-Profit Corporation d/b/a Access Madison Family Health Center and Leo Boler, MD, to possess and apply the knowledge and use the skill and care ordinarily used by reasonably careful physicians and other healthcare professionals in the examination, diagnosis, care and treatment of **VERONICA** and **LONTRELL**.

19. The Defendant, **UNITED STATES OF AMERICA,** through its actual, implied and/or apparent agent, servant and employee, **Leo Boler, MD,** failed to possess and apply the knowledge and use the skill and care ordinarily used by a reasonably careful physician in his care, treatment, and supervision of **VERONICA** and **LONTRELL,** by one or more of the following negligent acts or omissions:

   a. Failed to appropriately instruct and communicate VERONICA's condition to the resident physicians on March 28, 2011;

   b. Failed to appropriately and timely recognize signs and symptoms of a uterine rupture in VERONICA; and

   c. Failed to consider a uterine rupture as the source of VERONICA's abdominal pain when it was known or should have been known that given her five prior Cesarean sections she was at risk for such a complication.

20. As a direct and proximate result of one or more of the Defendant, **UNITED STATES OF AMERICA's,** negligent acts or omissions, **LONTRELL** suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

21. As a direct and proximate result of one or more of the Defendant, **UNITED STATES OF AMERICA's**, negligent acts or omissions, **LONTRELL** suffered injuries of a personal and pecuniary nature, past, and present, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and **LONTRELL** would have been entitled to receive compensation from Defendant for these injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

22. Attached to this Complaint as "Exhibit D" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

23. Attached to this Complaint as "Exhibit E" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE**, the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased**, asks that a judgment be entered against Defendant, **UNITED STATES OF AMERICA**, in the amount of **FIFTEEN MILLION DOLLARS ($15,000,000).**

## COUNT II
(Cook v. United States of America – Wrongful Death Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased**, by her attorneys, **LEVIN & PERCONTI**, complains against the Defendant, **UNITED STATES OF AMERICA**, and in support thereof states as follows:

1. The Plaintiff, **VERONICA COOK** is the **Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased.** (See Order of appointment attached as Exhibit

5

A).

2. The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

3-20. The Plaintiff re-alleges paragraphs 3 – 20 of Count I of this Complaint as and for paragraphs 3 - 20 of this Count II.

21. **LONTRELL** left surviving him various person who were his next of kin including, but not limited to, the following individuals:

   a. **VERONICA COOK;**
   b. Tyshawn Cook;
   c. Lonnie Lee Montley;
   d. Lonnell Montley;
   e. LaDarius Montley; and
   f. Lunhyia Montley.

22. All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further, **LONTRELL's** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

23. Attached to this Complaint as "Exhibit D" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

24. Attached to this Complaint as "Exhibit E" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **UNITED STATES OF AMERICA,** in the amount of **TEN MILLION DOLLARS ($10,000,000).**

                          Respectfully submitted,
                          **LEVIN & PERCONTI**

BY: _____
      Attorneys for Plaintiff

JOHN J. PERCONTI
MICHAEL F. BONAMARATE
CARI F. SILVERMAN
**LEVIN & PERCONTI**
325 North LaSalle Street Suite 450
Chicago, IL 60654
312 332-2872
312 332-3112 (facsimile)

7