UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,<br><br>            **Plaintiff,**<br><br>     **versus**<br><br>MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, NATASHA GUPTA, MD, SARIKA ARORA, MD, ALLA BODNER, MD, and UNITED STATES OF AMERICA,<br><br>           **Defendants.** | No. 14 cv 7780 |

## FIRST AMENDED COMPLAINT AT LAW

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains against the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, NATASHA GUPTA, MD, SARIKA ARORA, MD, ALLA BODNER, MD,** and **UNITED STATES OF AMERICA,** and in support thereof states as follows:

## PROCEDURAL HISTORY

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains against the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, NATASHA GUPTA, MD, SARIKA ARORA, MD, and ALLA BODNER, MD,** and in support thereof states as follows:

  1.  The Plaintiff, **VERONICA COOK** is the **Independent Administrator of the**

1

Estate of **LONTRELL MONTLEY, Deceased.** (See Order of appointment attached as Exhibit A).

2.      On December 13, 2013, the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** filed a lawsuit in the Circuit Court of Cook County, Illinois, against Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation, LEO BOLER, MD, ACCESS COMMUNITY HEALTH NETWORK, an Illinois Not-For-Profit Corporation d/b/a ACCESS MADISON FAMILY HEALTH CENTER (hereinafter "ACCESS COMMUNITY HEALTH NETWORK"), MEENAKSHI GUPTA, MD, SARIKA ARORA, MD,** and **ALLA BODNER, MD,** alleging medical malpractice.

3.      On January 6, 2014, Cook County Circuit Court Judge John H. Ehrlich, granted Plaintiff leave to file her First Amended Complaint at Law naming **NATASHA GUPTA, MD,** as a party Defendant and voluntarily dismissing Defendant, **MEENKASHI GUPTA, MD** without prejudice and with leave to refile within one (1) year.

4.      On January 6, 2014, Plaintiff filed her First Amended Complaint at Law.

5.      On March 24, 2014, **UNITED STATES OF AMERICA,** by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, filed a Notice of Removal of a Civil Action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, and Substitution of the United States as Defendant pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2679, and 42 U.S.C. § 233. In support, **UNITED STATES OF AMERICA** stated "for purposes of this lawsuit, **ACCESS COMMUNITY HEALTH NETWORK** is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233 and that **LEO BOLER, MD,** was acting within the scope of his employment at **ACCESS COMMUNITY HEALTH**

2

**NETWORK** with respect to the incidents referred to in the Complaint." (See United States of America Notice of Removal attached as Exhibit B).

6.     On March 28, 2014, this case was removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois and **UNITED STATES OF AMERICA** was substituted as the Federal Defendant in place of Defendants **ACCESS COMMUNITY HEALTH NETWORK** and **LEO BOLER, MD.**

7.     On or about March 28, 2014, **UNITED STATES OF AMERICA,** filed a Motion to Dismiss Plaintiff's First Amended Complaint at Law pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for failure to exhaust administrative remedies. (See United States of America Motion to Dismiss attached as Exhibit C).

8.     On April 1, 2014, all parties appeared before the Honorable Edmond E. Chang on **UNITED STATES OF AMERICA's** Motion to Dismiss Plaintiff's First Amended Complaint at Law for lack of jurisdiction. This Court granted **UNITED STATES OF AMERICA's** Motion to Dismiss **without prejudice** in light of Plaintiff's failure to exhaust. Per this Court's Order, "to **effectuate a stay as to the non-United States Defendants**, and to effectuate direct assignment to this District Judge after exhaustion of administrative remedies" the Court granted **UNITED STATES OF AMERICA's** Motion and dismissed Plaintiff's First Amended Complaint "without prejudice with **full leave to reinstate.**" Per this Court's Order, "as discussed during the hearing, the plan is that, as requested by the FTCA, after exhaustion, Plaintiff will file a new case in this District, and designate it as a previously dismissed case." (See Court Order from April 1, 2014 attached as Exhibit D).

9.     On or about April 3, 2014, Plaintiff filed and sent by certified mail an Administrative claim for damage, injury, or death to the United Stated Department of Health and

3

Human Services. (See Administrative Claim for Damage, Injury, or Death and Certified Mail Receipt acknowledging receipt on April 7, 2014 attached as Exhibit E).

10.     To date, the appropriate federal agency has failed to issue a final decision within the six months of the date that the claim was presented.

## COUNT I
(Cook v. Mount Sinai Hospital Medical Center of Chicago – Survival Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains against the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** and in support thereof states as follows:

1-10.   The Plaintiff re-alleges paragraphs 1 – 10 of this Complaint as and for paragraphs 1 - 10 of this Count I.

11.     The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

12.     **LONTRELL MONTLEY ("LONTRELL")** was born on March 28, 2011.

13.     **LONTRELL** died on September 28, 2012.

14.     **VERONICA COOK ("VERONICA")** is the mother of **LONTRELL, Deceased.**

15.     At all times relevant to this Complaint, the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** owned, operated, maintained, managed and controlled a medical facility commonly known as **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO,** located at 2750 West 15th Street in Chicago, Illinois and held itself out to the community for, among other things, its commitment to delivery of quality, community-focused healthcare.

4

16.     At all times relevant to this Complaint, the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation** held itself out to the public, through its actual, implied and/or apparent agents, servants and employees, including physicians, nurses and/or other healthcare professionals, and, in particular to **VERONICA,** as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to **VERONICA.**

17.     At all times relevant to this Complaint, the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation** provided rooms, laboratories, technicians, nursing services, physicians, and x-ray services for patients including **VERONICA.**

18.     On or about March 28, 2011, **VERONICA** was admitted to **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO** with a medical history including, but not limited to, five previous Caesarian Sections.

19.     On or about March 28, 2011, **VERONICA** came under the care of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** during the labor and delivery of her son, **LONTRELL.**

20.     At all times relevant to this Complaint, **VERONICA** entrusted the course of her labor and delivery to the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation**.

21.     At all times relevant to this Complaint, **VERONICA** did not have the medical knowledge or expertise to determine the course of her care and treatment and her labor and delivery.

22.     While patients at **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO**, **VERONICA** and **LONTRELL** neither knew nor should have known which of the duly licensed physicians, nurses, and other healthcare professionals who provided them with care, treatment and supervision at **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO** were actually employees of **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO.**

23.     While patients at **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO**, **VERONICA** and **LONTRELL** did not choose which physicians, nurses and other healthcare professionals provided them with care, treatment and supervision, but instead relied upon **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO** to provide them with appropriate emergency room care, treatment and supervision.

24.     At all times relevant to this Complaint, Defendants, **NATASHA GUPTA, MD,** **SARIKA ARORA, MD,** and **ALLA BODNER, MD**, were physicians, duly licensed by the State of Illinois to practice medicine in all of its branches.

25.     At all times relevant to this Complaint, **NATASHA GUPTA, MD,** was an actual, implied and/or apparent agent, servant and employee of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** and as such, Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** is vicariously liable for the negligent acts of **NATASHA GUPTA, MD.**

26.     At all times relevant to this Complaint, **SARIKA ARORA, MD,** was an actual, implied and/or apparent agent, servant and employee of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** and as such, Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO,**

an Illinois Not-For-Profit Corporation, is vicariously liable for the negligent acts of **SARIKA ARORA, MD.**

27.     At all times relevant to this Complaint, **ALLA BODNER, MD,** was an actual, implied and/or apparent agent, servant and employee of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** and as such, Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** is vicariously liable for the negligent acts of **ALLA BODNER, MD.**

28.     At all times relevant to this Complaint, it became and was the duty of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** through its actual, implied and/or apparent agents, servants and employees, including physicians, nurses and/or other healthcare professionals including, but not limited to, **NATASHA GUPTA, MD, SARIKA ARORA, MD,** and **ALLA BODNER, MD**, to possess and apply the knowledge and use the skill and care ordinarily used by a reasonably careful physician, nurse, hospital and/or other healthcare professionals in the examination, diagnosis and treatment of **VERONICA** and **LONTRELL.**

29.     The Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation**, through its actual, implied and/or apparent agents, servants and employees, including physicians, nurses and/or other healthcare professionals, breached its duty to exercise reasonable care and was negligent as a result of one or more of the following negligent acts or omissions:

> a.     The nursing staff and resident physicians failed to appropriately and timely evaluate VERONICA's pain upon presentation to the labor and delivery area on March 28, 2011;

7

b. The nursing staff and resident physicians failed to appreciate the significance of VERONICA's pain in light of her being full-term with a previous history of five cesarean sections;

c. The nursing staff and resident physicians failed to adequately investigate the source of VERONICA's abdominal pain;

d. The resident physicians failed to appropriately and timely diagnose VERONICA's uterine rupture;

e. The nursing staff failed to timely and accurately report VERONICA's severe abdominal pain to the residents;

f. The resident physicians failed to ensure proper continuous fetal monitoring on VERONICA:

g. The hospital failed to maintain working equipment in the labor and delivery of LONTRELL including, but not limited to an ultrasound machine; and

h. Residents failed to timely initiate, perform, or recommend to the attending physicians an emergency cesarean section on VERONICA when they knew or should have known it was necessary in part due to the patient's history and the ongoing fetal distress as evidence by persistent decelerations and fetal bradycardia.

30.     As a direct and proximate result of one or more of the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation's**, negligent acts or omissions, **LONTRELL** suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

31.     As a direct and proximate result of one or more of the Defendant's, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation**, negligent acts or omissions, **LONTRELL** suffered injuries of a personal and

pecuniary nature, past, and present, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and **LONTRELL** would have been entitled to receive compensation from Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation** for these injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

32. Attached to this Complaint as "Exhibit F" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

33. Attached to this Complaint as "Exhibit G" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** in the amount of **FIFTEEN MILLION DOLLARS ($15,000,000).**

### COUNT II
(Cook v. Mount Sinai Hospital Medical Center of Chicago – Wrongful Death Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains against the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** and in support thereof states as follows:

1-10. The Plaintiff re-alleges paragraphs 1 – 10 of this Complaint as and for paragraphs 1 - 10 of this Count II.

11. The Plaintiff, **VERONICA COOK, as Independent Administrator of the**

9

**Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

12-30. The Plaintiff re-alleges paragraphs 12 – 30 of Count I of this Complaint as and for paragraphs 12 - 30 of this Count II.

31. **LONTRELL** left surviving him various person who were his next of kin including, but not limited to, the following individuals:

    a. **VERONICA COOK;**
    b. Tyshawn Cook;
    c. Lonnie Lee Montley;
    d. Lonnell Montley;
    e. LaDarius Montley; and
    f. Lunhyia Montley.

32. All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further, **LONTRELL's** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

33. Attached to this Complaint as "Exhibit F" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

34. Attached to this Complaint as "Exhibit G" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation,** in the amount of **TEN MILLION DOLLARS ($10,000,000).**

<u>**COUNT III**</u>
(Cook v. Natasha Gupta, MD – Survival Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of**

LONTRELL MONTLEY, Deceased, by her attorneys, LEVIN & PERCONTI, complains against the Defendant, NATASHA GUPTA, MD, and in support thereof states as follows:

1-10.  The Plaintiff re-alleges paragraphs 1 – 10 of this Complaint as and for paragraphs 1 - 10 of this Count III.

11.  The Plaintiff, VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

12.  LONTRELL MONTLEY ("LONTRELL") was born on March 28, 2011.

13.  LONTRELL died on September 28, 2012.

14.  VERONICA COOK ("VERONICA") is the mother of LONTRELL, Deceased.

15.  At all times relevant to this Complaint, the Defendant, NATASHA GUPTA, MD, was a physician, duly licensed by the State of Illinois to practice medicine in all of its branches.

16.  At all times relevant to this Complaint, Defendant NATASHA GUPTA, MD, held herself out to the public, and, in particular, to VERONICA, as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to VERONICA.

17.  On or about March 28, 2011, VERONICA was admitted to MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO with a medical history including, but not limited to, five previous Caesarian Sections.

18.  On or about March 28, 2011, VERONICA came under the care of Defendant, NATASHA GUPTA, MD, during the labor and delivery of her son, LONTRELL.

19.     At all times relevant to this Complaint, **VERONICA** entrusted the course of her labor and delivery to the Defendant, **NATASHA GUPTA, MD.**

20.     At all times relevant to this Complaint, **VERONICA** did not have the medical knowledge or expertise to determine the course of care and treatment of her labor and delivery.

21.     At all times relevant to this Complaint, **NATASHA GUPTA, MD,** was an actual, implied and/or apparent agent, servant and employee of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation.**

22.     At all times relevant to this Complaint, it was the duty of the Defendant, **NATASHA GUPTA, MD,** to exercise skill and care ordinarily used by a well-qualified physician in the examination, diagnosis, and treatment of **VERONICA** and **LONTRELL.**

23.     The Defendant, **NATASHA GUPTA, MD,** failed to possess and apply the knowledge and use the skill and care ordinarily used by a well-qualified physician in her care, treatment, and supervision of **VERONICA** and **LONTRELL,** and breached her duty by one or more of the following negligent acts or omissions:

      a.  Failed to appropriately evaluate VERONICA's medical condition upon presentation to the labor and delivery area on March 28, 2011;

      b.  Failed to appropriately investigate the source of VERONICA's abdominal pain;

      c.  Failed to timely recognize signs and symptoms of and diagnose a uterine rupture as the source of VERONICA's abdominal pain when it was known or should have been known that given her five prior Cesarean sections she was at risk for such a complication;

      d.  Failed to timely and appropriately communicate changes in VERONICA's medical condition and persistent decelerations and fetal bradycardia in LONTRELL to the attending physician resulting in the failure to timely perform a Cesarean section.

24.     As a direct and proximate result of one or more of the Defendant, **NATASHA GUPTA, MD's,** negligent acts or omissions, **LONTRELL** suffered injuries including, but not

12

limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

25.     As a direct and proximate result of one or more of the Defendant, **NATASHA GUPTA, MD's**, negligent acts or omissions, **LONTRELL** suffered injuries of a personal and pecuniary nature, past, and present, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and **LONTRELL** would have been entitled to receive compensation from Defendant for these injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

26.     Attached to this Complaint as "Exhibit F" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

27.     Attached to this Complaint as "Exhibit H" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **NATASHA GUPTA, MD,** in the amount of **FIFTEEN MILLION DOLLARS ($15,000,000).**

## COUNT IV
(Cook v. Natasha Gupta, MD – Wrongful Death Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains

13

against the Defendant, **NATASHA GUPTA, MD,** and in support thereof states as follows:

1-10.    The Plaintiff re-alleges paragraphs 1 – 10 of this Complaint as and for paragraphs 1 - 10 of this Count IV.

11.    The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

12-24. The Plaintiff re-alleges paragraphs 12 – 24 of Count III of this Complaint as and for paragraphs 12 - 24 of this Count IV.

25.    **LONTRELL** left surviving him various person who were his next of kin including, but not limited to, the following individuals:

   a.  **VERONICA COOK;**
   b.  Tyshawn Cook;
   c.  Lonnie Lee Montley;
   d.  Lonnell Montley;
   e.  LaDarius Montley; and
   f.  Lunhyia Montley.

26.    All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further, **LONTRELL's** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

27.    Attached to this Complaint as "Exhibit F" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

28.    Attached to this Complaint as "Exhibit H" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **NATASHA GUPTA, MD,** in the amount of **TEN MILLION DOLLARS**

($10,000,000).

## COUNT V
(Cook v. Sarika Arora, MD – Survival Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased**, by her attorneys, **LEVIN & PERCONTI**, complains against the Defendant, **SARIKA ARORA, MD,** and in support thereof states as follows:

1-10. The Plaintiff re-alleges paragraphs 1 – 10 of this Complaint as and for paragraphs 1 - 10 of this Count V.

11. The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

12. **LONTRELL MONTLEY ("LONTRELL")** was born on March 28, 2011.

13. **LONTRELL** died on September 28, 2012.

14. **VERONICA COOK ("VERONICA")** is the mother of **LONTRELL, Deceased.**

15. At all times relevant to this Complaint, the Defendant, **SARIKA ARORA, MD,** was a physician, duly licensed by the State of Illinois to practice medicine in all of its branches.

16. At all times relevant to this Complaint, Defendant **SARIKA ARORA, MD,** held herself out to the public, and, in particular, to **VERONICA,** as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to **VERONICA.**

17. On or about March 28, 2011, **VERONICA** was admitted to **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO** with a medical history including, but not limited to, five previous Caesarian Sections.

15

18. On or about March 28, 2011, **VERONICA** came under the care of Defendant, **SARIKA ARORA, MD,** during the labor and delivery of her son, **LONTRELL.**

19. At all times relevant to this Complaint, **VERONICA** entrusted the course of her labor and delivery to the Defendant, **SARIKA ARORA, MD.**

20. At all times relevant to this Complaint, **VERONICA** did not have the medical knowledge or expertise to determine the course of care and treatment of her labor and delivery.

21. At all times relevant to this Complaint, **SARIKA ARORA, MD,** was an actual, implied and/or apparent agent, servant and employee of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation.**

22. At all times relevant to this Complaint, it was the duty of the Defendant, **SARIKA ARORA, MD,** to exercise skill and care ordinarily used by a well-qualified physician in the examination, diagnosis, and treatment of **VERONICA** and **LONTRELL.**

23. The Defendant, **SARIKA ARORA, MD,** failed to possess and apply the knowledge and use the skill and care ordinarily used by a well-qualified physician in her care, treatment, and supervision of **VERONICA** and **LONTRELL,** and breached her duty by one or more of the following negligent acts or omissions:

      a. Failed to appropriately evaluate VERONICA's medical condition upon presentation to the labor and delivery area on March 28, 2011;

      b. Failed to appropriately and timely investigate the source of VERONICA's abdominal pain;

      c. Failed to timely recognize signs and symptoms of and diagnose a uterine rupture as the source of VERONICA's abdominal pain when it was known or should have been known that given her five prior Cesarean sections she was at risk for such a complication;

      d. Failed to timely and appropriately communicate changes in VERONICA's medical condition and persistent decelerations and fetal bradycardia in LONTRELL to the attending physician; and

16

e. Failed to timely perform a Cesarean section on VERONICA when it was known or should have been known that one was necessary.

24.     As a direct and proximate result of one or more of the Defendant, **SARIKA ARORA, MD's**, negligent acts or omissions, **LONTRELL** suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

25.     As a direct and proximate result of one or more of the Defendant, **SARIKA ARORA, MD's**, negligent acts or omissions, **LONTRELL** suffered injuries of a personal and pecuniary nature, past, and present, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and **LONTRELL** would have been entitled to receive compensation from Defendant for these injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

26.     Attached to this Complaint as "Exhibit F" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

27.     Attached to this Complaint as "Exhibit I" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE**, the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased**, asks that a judgment be entered against Defendant, **SARIKA ARORA, MD,** in the amount of **FIFTEEN MILLION DOLLARS ($15,000,000).**

17

## COUNT VI
(Cook v. Sarika Arora, MD – Wrongful Death Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased**, by her attorneys, **LEVIN & PERCONTI**, complains against the Defendant, **SARIKA ARORA, MD**, and in support thereof states as follows:

1-10.    The Plaintiff re-alleges paragraphs 1 – 10 of this Complaint as and for paragraphs 1 - 10 of this Count VI.

11.    The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

12-24. The Plaintiff re-alleges paragraphs 12 – 24 of Count V of this Complaint as and for paragraphs 12 - 24 of this Count VI.

25.    **LONTRELL** left surviving him various person who were his next of kin including, but not limited to, the following individuals:

   a.  **VERONICA COOK;**
   b.  Tyshawn Cook;
   c.  Lonnie Lee Montley;
   d.  Lonnell Montley;
   e.  LaDarius Montley; and
   f.  Lunhyia Montley.

26.    All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further, **LONTRELL's** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

27.    Attached to this Complaint as "Exhibit F" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

18

28. Attached to this Complaint as "Exhibit I" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **SARIKA ARORA, MD,** in the amount of **TEN MILLION DOLLARS ($10,000,000).**

## COUNT VII
(Cook v. Alla Bodner, MD – Survival Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains against the Defendant, **ALLA BODNER, MD,** and in support thereof states as follows:

1-10. The Plaintiff re-alleges paragraphs 1 – 10 of this Complaint as and for paragraphs 1 - 10 of this Count VII.

11. The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

12. **LONTRELL MONTLEY ("LONTRELL")** was born on March 28, 2011.

13. **LONTRELL** died on September 28, 2012.

14. **VERONICA COOK ("VERONICA")** is the mother of **LONTRELL, Deceased.**

15. At all times relevant to this Complaint, the Defendant, **ALLA BODNER, MD,** was a physician, duly licensed by the State of Illinois to practice medicine in all of its branches.

16. At all times relevant to this Complaint, Defendant **ALLA BODNER, MD,** held herself out to the public, and, in particular, to **VERONICA,** as possessing the requisite

professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to **VERONICA**.

17. On or about March 28, 2011, **VERONICA** was admitted to **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO** with a medical history including, but not limited to, five previous Caesarian Sections.

18. On or about March 28, 2011, **VERONICA** came under the care of Defendant, **ALLA BODNER, MD,** during the labor and delivery of her son, **LONTRELL**.

19. At all times relevant to this Complaint, **VERONICA** entrusted the course of her labor and delivery to the Defendant, **ALLA BODNER, MD**.

20. At all times relevant to this Complaint, **VERONICA** did not have the medical knowledge or expertise to determine the course of care and treatment of her labor and delivery.

21. At all times relevant to this Complaint, **ALLA BODNER, MD,** was an actual, implied and/or apparent agent, servant and employee of Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, an Illinois Not-For-Profit Corporation.**

22. At all times relevant to this Complaint, it was the duty of the Defendant, **ALLA BODNER, MD,** to exercise skill and care ordinarily used by a well-qualified physician in the examination, diagnosis, and treatment of **VERONICA** and **LONTRELL**.

23. The Defendant, **ALLA BODNER, MD,** failed to possess and apply the knowledge and use the skill and care ordinarily used by a well-qualified physician in her care, treatment, and supervision of **VERONICA** and **LONTRELL**, and breached her duty by one or more of the following negligent acts or omissions:

   a. Failed to appropriately and timely evaluate VERONICA's medical condition upon presentation to the labor and delivery area on March 28, 2011;

   b. Failed to appropriately and timely investigate the source of VERONICA's abdominal pain;

20

     c.  Failed to timely recognize signs and symptoms of and diagnose a uterine rupture as the source of VERONICA's abdominal pain when it was known or should have been known that given her five prior Cesarean sections she was at risk for such a complication; and

     d.  Failed to timely and appropriately communicate changes in VERONICA's medical condition and persistent decelerations and fetal bradycardia in LONTRELL to the attending physician resulting in the failure to timely perform a Cesarean section.

24.    As a direct and proximate result of one or more of the Defendant, **ALLA BODNER, MD's**, negligent acts or omissions, **LONTRELL** suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy, gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and caused or contributed to causing his death.

25.    As a direct and proximate result of one or more of the Defendant, **ALLA BODNER, MD's**, negligent acts or omissions, **LONTRELL** suffered injuries of a personal and pecuniary nature, past, and present, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and **LONTRELL** would have been entitled to receive compensation from Defendant for these injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

26.    Attached to this Complaint as "Exhibit F" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

27.    Attached to this Complaint as "Exhibit J" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

WHEREFORE, the Plaintiff, **VERONICA COOK**, as Independent **Administrator** of the Estate of **LONTRELL MONTLEY, Deceased**, asks that a judgment be entered against Defendant, **ALLA BODNER, MD**, in the amount of **FIFTEEN MILLION DOLLARS ($15,000,000)**.

**COUNT VIII**
(Cook v Alla Bodner, MD – Wrongful Death Action)

The Plaintiff, **VERONICA COOK**, as Independent **Administrator of the Estate of LONTRELL MONTLEY, Deceased**, by her attorneys, **LEVIN & PERCONTI**, complains against the Defendant, **ALLA BODNER, MD**, and in support thereof states as follows:

1-10.   The Plaintiff re-alleges paragraphs 1 – 10 of this Complaint as and for paragraphs 1 - 10 of this Count VIII.

11.   The Plaintiff, **VERONICA COOK**, as Independent **Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

12-24.   The Plaintiff re-alleges paragraphs 12 – 24 of Count VII of this Complaint as and for paragraphs 12 - 24 of this Count VIII.

25.   **LONTRELL** left surviving him various person who were his next of kin including, but not limited to, the following individuals:

     a.   **VERONICA COOK;**
     b.   Tyshawn Cook;
     c.   Lonnie Lee Montley;
     d.   Lonnell Montley;
     e.   LaDarius Montley; and
     f.   Lunhyia Montley.

26.   All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further,

22

LONTRELL's estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

27.     Attached to this Complaint as "Exhibit F" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

28.     Attached to this Complaint as "Exhibit J" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **ALLA BODNER, MD,** in the amount of **TEN MILLION DOLLARS ($10,000,000).**

## COUNT IX
(Cook v. United States of America – Survival Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains against the Defendant, **UNITED STATES OF AMERICA,** and in support thereof states as follows:

1-10.     The Plaintiff re-alleges paragraphs 1 – 10 of this Complaint as and for paragraphs 1 - 10 of this Count IX.

11.     The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

12.     The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346 and §§2671 - 2680.

23

13.     Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2675(a) and 2401(b), the United States of America by its agent, The United States Department of Health and Human Services, has failed to make a final disposition of the claim within six months and Plaintiff hereby deems this a final denial of the claim. (Administrative Claim dated April 2, 2014, filed on April 3, 2014, and a copy of the Certified Mail Receipt dated April 7, 2014 acknowledging receipt of the claim attached hereto and marked as Exhibit E).

14.     **LONTRELL MONTLEY ("LONTRELL")** was born on March 28, 2011.

15.     **LONTRELL** died on September 28, 2012.

16.     **VERONICA COOK ("VERONICA")** is the mother of **LONTRELL, Deceased.**

12.     At all times relevant to this Complaint, Leo Boler, MD, was an actual, implied and/or apparent agent, servant and employee of Access Community Health Network, an Illinois Not-For-Profit Corporation d/b/a Access Madison Family Health Center.

13.     Access Community Health Network, an Illinois Not-For-Profit Corporation d/b/a Access Madison Family Health Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

14.     At all times relevant to this Complaint, Leo Boler, MD, was acting within the scope of his employment with Defendant, Access Community Health Network, and as such, the Defendant, **UNITED STATES OF AMERICA**, is vicariously liable for his negligent conduct.

15.     Prior and subsequent to March 28, 2011, and at all times relevant herein, the Defendant, **UNITED STATES OF AMERICA**, by its duly authorized agents, Leo Boler, MD, and Access Community Health Network, an Illinois Not-For-Profit Corporation d/b/a Access Madison Family Health Center, engaged in the business of offering medical services

24

16.     Prior and subsequent to March 28, 2011, and at all times relevant herein, the Defendant, **UNITED STATES OF AMERICA**, through its duly authorized agents, Leo Boler, MD, and Access Community Health Network, an Illinois Not-For-Profit Corporation d/b/a Access Madison Family Health Center, held itself out to the public, and, in particular to **VERONICA,** as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to **VERONICA.**

17.     At all times relevant to this Complaint, Leo Boler, MD, was a physician, duly licensed by the State of Illinois to practice medicine in all of its branches.

18.     On and before March 28, 2011, **VERONICA** came under the care of Leo Boler, MD, for prenatal care and the labor and delivery of her son, **LONTRELL.**

19.     On or about March 28, 2011, **VERONICA** was admitted to Mount Sinai Hospital Medical Center of Chicago with a medical history including, but not limited to, five previous Cesarean sections.

20.     At all times relevant to this Complaint, **VERONICA** entrusted the course of her prenatal and labor and delivery to Leo Boler, MD.

21.     At all times relevant to this Complaint, **VERONICA** did not have the medical knowledge or expertise to determine the course of care and treatment of her labor and delivery.

22.     At all times relevant to this Complaint, it was the duty of the Defendant, **UNITED STATES OF AMERICA,** through its actual, implied and/or apparent agents, servant and employees, including physicians and other healthcare professionals including, Access Community Health Network, an Illinois Not-For-Profit Corporation d/b/a Access Madison Family Health Center and Leo Boler, MD, to possess and apply the knowledge and use the skill and care ordinarily used by reasonably careful physicians and other healthcare professionals in

the examination, diagnosis, care and treatment of **VERONICA** and **LONTRELL**.

23.     The Defendant, **UNITED STATES OF AMERICA,** through its actual, implied and/or apparent agent, servant and employee, Leo Boler, MD**,** failed to possess and apply the knowledge and use the skill and care ordinarily used by a reasonably careful physician in his care, treatment, and supervision of **VERONICA** and **LONTRELL,** by one or more of the following negligent acts or omissions:

> a.  Failed to appropriately instruct and communicate VERONICA's condition to the resident physicians on March 28, 2011;
>
> b.  Failed to appropriately and timely recognize signs and symptoms of a uterine rupture in VERONICA; and
>
> c.  Failed to consider a uterine rupture as the source of VERONICA's abdominal pain when it was known or should have been known that given her five prior Cesarean sections she was at risk for such a complication.

24.     As a direct and proximate result of one or more of the Defendant, **UNITED STATES OF AMERICA's,** negligent acts or omissions**, LONTRELL** suffered injuries including, but not limited to, a poor quality of life, a deterioration of his overall physical, mental and psychosocial well-being, and a hypoxic ischemic brain injury resulting in multiple medical complications including, but not limited to, seizures, acute respiratory failure, ventilator dependence, the placement of a permanent tracheostomy,  gastrostomy tube, multiple infections, all of which necessitated extensive hospitalizations and  caused or contributed to causing his death.

25.     As a direct and proximate result of one or more of the Defendant, **UNITED STATES OF AMERICA's,** negligent acts or omissions, **LONTRELL** suffered injuries of a personal and pecuniary nature, past, and present, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering and physical and emotional trauma and a decline in **LONTRELL's** level of dignity, self-respect and individuality, and

**LONTRELL** would have been entitled to receive compensation from Defendant for these injuries, had he survived. Further, **LONTRELL's** estate was diminished by virtue of the medical and hospital expenses incurred.

26.     Attached to this Complaint as "Exhibit F" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

27.     Attached to this Complaint as "Exhibit K" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **UNITED STATES OF AMERICA,** in the amount of **FIFTEEN MILLION DOLLARS ($15,000,000).**

## COUNT X
(Cook v. United States of America – Wrongful Death Action)

The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** by her attorneys, **LEVIN & PERCONTI,** complains against the Defendant, **UNITED STATES OF AMERICA,** and in support thereof states as follows:

1-10.   The Plaintiff re-alleges paragraphs 1 – 10 of this Complaint as and for paragraphs 1 - 10 of this Count X.

11.     The Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known the Wrongful Death Act of the State of Illinois.

12-24.  The Plaintiff re-alleges paragraphs 12 – 24 of Count IX of this Complaint as and for paragraphs 12 - 24 of this Count X.

25.     **LONTRELL** left surviving him various person who were his next of kin including, but not limited to, the following individuals:

     a.  **VERONICA COOK;**
     b.  Tyshawn Cook;
     c.  Lonnie Lee Montley;
     d.  Lonnell Montley;
     e.  LaDarius Montley; and
     f.  Lunhyia Montley.

26.     All of **LONTRELL's** next of kin suffered injuries as a result of his death, including the loss of companionship and society and grief, sorrow and mental anguish. Further, **LONTRELL's** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

27.     Attached to this Complaint as "Exhibit F" is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

28.     Attached to this Complaint as "Exhibit K" is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **VERONICA COOK, as Independent Administrator of the Estate of LONTRELL MONTLEY, Deceased,** asks that a judgment be entered against Defendant, **UNITED STATES OF AMERICA,** in the amount of **TEN MILLION DOLLARS ($10,000,000).**

Respectfully submitted,
**LEVIN & PERCONTI**

BY: _____
Attorneys for Plaintiff

JOHN J. PERCONTI
MICHAEL F. BONAMARATE
CARI F. SILVERMAN
**LEVIN & PERCONTI**
325 North LaSalle Street Suite 450
Chicago, IL 60654
312 332-2872
312 332-3112 (facsimile)